**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CHICAGO & VICINITY LABORERS'** | ) | |
| **DISTRICT COUNCIL PENSION FUND,** | ) | |
| **CHICAGO & VICINITY LABORERS'** | ) | |
| **DISTRICT COUNCIL WELFARE FUND,** | ) | |
| **CHICAGO & VICINITY LABORERS'** | ) | |
| **DISTRICT COUNCIL RETIREE HEALTH** | ) | |
| **AND WELFARE FUND, and CATHERINE** | ) | |
| **WENSKUS, not individually but as** | ) | |
| **Administrator of the Funds,** | ) | |
| | ) | |
| | ) | **Case No. 24-cv-07492** |
| **Plaintiff,** | ) | |
| **and** | ) | **JUDGE HUNT** |
| | ) | |
| | ) | |
| | ) | |
| **TYRO CONSTRUCTION, INC., an Illinois** | ) | |
| **Corporation, and TRACY PERKINS** | ) | |
| **individually.** | ) | |
| **Defendant.** | ) | |

**MOTION FOR JUDGMENT ON THE PLEADINGS**

NOW COME Plaintiffs, Chicago & Vicinity Laborers' District Council Pension Fund and

Chicago & Vicinity Laborers' District Council Welfare Fund, Chicago & Vicinity Laborers'

District Council Retiree Health and Welfare Fund, and Catherine Wenskus, Administrator of the

Funds ("Funds"), by their attorney G. Ryan Liska for their Motion for Judgment on the Pleadings

as to Counts I, III and IV pursuant to Fed. R. Civ. P. 12(c) against Tyro Construction, Inc.,

("Company") and Tracy Perkins ("Perkins"), individually states as follows;

**I.**

**INTRODUCTION**

This Motion pertains to Counts I, III and IV of the Complaint.   This is a first for Fund

Counsel- the Company and Perkins admitted all Complaint allegations and liability which makes

this case ripe for a motion for judgment on the pleadings.  Note, Count II is not included in this

Motion because the Company has not submitted union dues contribution reports which are required by the Funds to calculate the amounts due.

## II.

### FED. R. CIV. P. 12(c)

A motion for judgment on the pleadings pursuant to Fed R. Civ. P.12(c) is governed by the same standards as a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim: the pleadings must plausibly suggest that the plaintiff has a right to relief above a speculative level. *Adams v. City of Indianapolis*, 742 F.3d 720, 727-28 (7th Cir. 2014). In ruling on a motion for judgment on the pleadings, the Court considers the complaint, answer, and any written instruments attached to those pleadings; accepts all well-pleaded allegations in the complaint as true; and draws all inferences in favor of the plaintiff. *See Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007); *Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000). "Judgment on the pleadings is appropriate when there are no disputed issues of material fact and it is clear that the moving party . . . is entitled to judgment as a matter of law." *Unite Here Local 1 v. Hyatt Corp.*, 862 F.3d 588, 595 (7th Cir. 2017).

## III.

### ARGUMENT

A. Judgment should enter on Count I because the Company admits it did not pay its May 2024 and June 2024 fringe benefit reports.

The Count I allegations are admitted and have the effect of withdrawing the following pled facts from contention. *See Reynolds v. Comm'r*, 296 F.3d 607, 612 (7th Cir. 2002). The Company is signatory to a collective bargaining agreement ("CBA") with the Construction and General Laborers' District Council of Chicago and Vicinity (the "Union"). (Docket No. 19, Company Answer, ¶ 7). The CBA requires the Company to submit monthly fringe benefit

reports and make the corresponding pension, welfare and training contributions on behalf of its employees covered by the CBA. (Company Answer, ¶ 9). The Company submitted but did not pay its May 2024 fringe benefit report totaling $11,898.15 and its June 2024 fringe benefit report totaling $4,406.96. (Company Answer, ¶ 20). In addition, the CBA provides liquidated damages are assessed against the unpaid fringe benefit reports at ten percent (10%) of the report amount. (Company Answer, ¶9, 22) and the Funds is entitled to reasonable attorneys' fees and costs incurred in the collection of past due contributions. (Company Answer, ¶ 12). Thus, the Company is liable to the Funds for unpaid May 2024 and June 2024 contributions totaling $16,305.11, liquidated damages totaling $1,587.56 and reasonable attorneys' fees. [1](Company Answer, ¶ 25).

Based on the admissions, there are no material issues of fact to be resolved by the Court and judgment should enter in favor of the Funds and against the Company on Count I.

B. Judgment should enter on Count III because the Company admits it defaulted on multiple Installment Note obligations resulting in the balance becoming immediately due and payable.

The Count III allegations are admitted and have the effect of withdrawing the following pled facts from contention. *See Reynolds v. Comm'r*, 296 F.3d 607, 612 (7th Cir. 2002). The Company entered into an Installment Note totaling $283,490.35 plus twelve percent (12%) interest as part of an arrangement to repay past due fringe benefit and union dues contributions. (Company Answer, ¶ 12). A copy of the Installment Note is attached to the Funds' Complaint as Exhibit B. (Company Answer, ¶ 12). During the term of the Note the Company experienced three events of default under the terms of the Note: 1) failed to remit its May 2024 through July

---

[1] In the event this Motion is granted, the Funds will file its Local Rule 54.3 Fee Petition in accordance with a scheduling order set by this Court or the timelines set forth in the Local Rule.

2024 fringe benefit reports and 2) failed to pay its July 15th and August 15th note payment; and 3) failed to submit and pay its November 2023 through July 2024 dues contribution reports. (Company Answer, ¶ 32).  In accordance with the terms of Note, the Funds provided the Company with a written notice of default; however, the Company failed to cure the default and the balance of the Note became immediately due and payable. (Company Answer, ¶ 34). Allowing for all just due credits, the balance due now due from the Company is $175,537.03. (Company Answer, ¶ 35).

Based on the admissions, there are no material issues of fact to be resolved by the Court and judgment should enter in favor of the Funds and against the Company on Count III.

C. Judgment should enter on Count IV because Perkins admits she executed a personal guaranty wherein she assumed liability for the Company's Count I and Count III debts.

The Count IV allegations are admitted and have the effect of withdrawing the following pled facts from contention.  *See Reynolds v. Comm'r*, 296 F.3d 607, 612 (7th Cir. 2002). Contemporaneously with the signing of the Note, Perkins entered into a Guaranty of Payment Indemnification ("Guaranty") personally guaranteeing:  1) the amounts due on the Note; 2) benefit contributions and dues that are due at the time the first Note was entered into; and 3) Company benefit contributions and dues that became due while obligations under the Note remain unsatisfied. (Company Answer, ¶ 37).  A copy of the Guaranty is attached to the Funds' Complaint as Exhibit D.  (Company Answer, ¶ 38).  In addition, Perkins guaranteed payment of interest, liquidated damages and attorneys' fees resulting the Company's failure to timely remit fringe benefit contribution payments.   (Company Answer, ¶ 38).

Under the terms of the Guaranty, and by virtue of the Company's breach of the CBA and Installment Note, Perkins is liable for the May 2024 and June 2024 fringe benefit payments, related

liquidated damages and the accelerated balance of the Company's defaulted Installment Note which collectively total $193,429.70.  (Company Answer, ¶ 40, 41, 43, 44 and 45).

Based on the admissions, there are no material issues of fact to be resolved by the Court and judgment should enter in favor of the Funds and against Perkins on Count IV.

## IV.

## CONCLUSION

Based on upon the admissions of the Company and Perkins, there is no material issue of fact concerning the substantive allegations establishing breach of the CBA, Installment Note and Guaranty and ensuing liability and relief prayed for in Counts I, III and IV of the Complaint. The Funds Motion for Judgment on the Pleadings should therefore be granted.

WHEREFORE, Plaintiffs, Chicago & Vicinity Laborers' District Council Pension Fund and Chicago & Vicinity Laborers' District Council Welfare Fund, Chicago & Vicinity Laborers' District Council Retiree Health and Welfare Fund, and Catherine Wenskus, Administrator of the Funds ("Funds") pray this Honorable Court grant its Motion for Judgment on the Pleadings as to Counts I, III and IV pursuant to Fed. R. Civ. P. 12(c) and enter judgment as follows:

A) On Count I, judgment is entered against Tyro Construction, Inc. in the amount of $16,305.11, plus liquidated damages totaling $1,587.56, plus reasonable attorneys' fees and costs;

B) On Count III, judgment is entered against Tyro Construction, Inc. in the amount of $175,537.03 plus reasonable attorneys' fees and costs;

C) On Count IV, judgment is entered against Tracy Perkins, individually, in the amount of $193,429.70 plus reasonable attorneys' fees and costs; and

D)  For any other relief deemed just and equitable.

January 14, 2025

Respectfully submitted,

By:  /s/ G. Ryan Liska

G. Ryan Liska
Laborers' Pension and Welfare Funds
Office of Fund Counsel
111 W. Jackson Blvd., Suite 1415
Chicago, IL  60604
(312) 692-1540

## CERTIFICATE OF SERVICE

The undersigned certifies that he caused a copy of the foregoing Motion for Judgment on

the Pleadings to be served upon the following person via the Court's electronic notification system

this 14th day of January, 2025

Todd Miller
Allocco, Miller & Cahill, P.C.
20 N. Wacker Drive, Suite 3517
Chicago, IL 60606

/s/ G. Ryan Liska