IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO & VICINITY LABORERS' DISTRICT COUNCIL PENSION FUND, CHICAGO & VICINITY LABORERS' DISTRICT COUNCIL WELFARE FUND, CHICAGO & VICINITY LABORERS' DISTRICT COUNCIL RETIREE HEALTH AND WELFARE FUND, and CATHERINE WENSKUS, not individually but as Administrator of the Funds, <br><br> Plaintiffs, <br><br> v. <br><br> TYRO CONSTRUCTION, INC., an Illinois Corporation, and TRACY PERKINS individually, <br><br> Defendants. | Case No. 24 C 7492 <br><br> Hon. LaShonda A. Hunt |

## ORDER GRANTING MOTION FOR
## PARTIAL JUDGMENT ON THE PLEADINGS

This matter is before the Court on the Motion for Judgment on the Pleadings as to Counts I, III and IV by Plaintiffs Chicago & Vicinity Laborers' District Council Pension Fund and Chicago & Vicinity Laborers' District Council Welfare Fund, Chicago & Vicinity Laborers' District Council Retiree Health and Welfare Fund, and Catherine Wenskus, Administrator of the Funds ("Funds" or "Plaintiffs") against Defendants Tyro Construction, Inc. and Tracy Perkins. (Mot., Dkt. 21). For the reasons set forth below, Plaintiffs' motion for judgment on the pleadings is granted.

A motion for judgment on the pleadings pursuant to Fed R. Civ. P.12(c) is governed by the same standards as a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim: the pleadings must plausibly suggest that the plaintiff has a right to relief above a speculative level. *Adams v. City of Indianapolis*, 742 F.3d 720, 727-728 (7th Cir. 2014). In ruling on a motion for judgment on the pleadings, the Court considers the complaint, answer, and any written instruments attached to those pleadings; accepts all well-pleaded allegations in the complaint as true; and draws all reasonable inferences in favor of the plaintiff. *See Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007); *Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000). "Judgment on the pleadings is appropriate when there are no disputed issues of material fact and

it is clear that the moving party . . . is entitled to judgment as a matter of law." *Unite Here Local 1 v. Hyatt Corp.*, 862 F.3d 588, 595 (7th Cir. 2017).

There are no disputed issues of material fact in this case. In fact, Defendants answer admits all allegations relevant to Plaintiffs' claims in the complaint. (*See generally*, Answer, Dkt. 19). These admissions are binding. *See, e.g., Kohler v. Leslie Hindman, Inc.*, 80 F.3d 1181, 1185 (7th Cir. 1996) ("When a party in a lawsuit makes an admission in its pleadings . . . it makes a judicial admission that can determine the outcome of that lawsuit."). Further, Defendants have doubled down on these admissions by declaring that they will not oppose or object to Plaintiffs' motion. (*See* Notice, Dkt. 24) ("Please accept this document as notice to the Court that Defendants . . . do not intend to file a response in opposition and do not object to Plaintiffs' Motion for Summary Judgment [sic].").

Based on these admissions and a review of the pleadings, motion, and applicable law, the Court concludes that Plaintiffs are entitled to judgment as a matter of law. Count I of the Complaint seeks relief under Section 502(g)(2) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1132 (g)(2), Section 301 of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. §185, federal common law, and the partes' Collective Bargaining Agreement, the Funds 'respective Trust Agreements and Collection Policy. Count III seeks relief under the Installment Note executed by Tyro Construction. Count IV seeks relief under the Guaranty of Payment Indemnification executed by Perkins. By virtue of Defendants' admissions and for the reasons set forth in Plaintiffs' motion, the Court concludes that Plaintiffs are liable on Counts I, III, and IV of the Complaint.

**IT IS THEREFORE ORDERED THAT**:

1.  As to Count I, judgment is entered in favor of the Funds and against Defendant Tyro Construction, Inc. for unpaid May 2024 and June 2024 contributions totaling $16,305.11, plus liquidated damages totaling $1,587.56, plus reasonable attorneys' fees and costs;[1]

2.  As to Count III, judgment is entered in favor of the Funds and against Defendant Tyro Construction, Inc. in the amount of $175,537.03, plus reasonable attorneys' fees and costs; and

---

[1] The procedure for filing any fee petition is governed by Local Rule 54.3.

      3.      As to Count IV, judgment is entered in favor of the Funds and against Defendant Tracy Perkins, individually, in the amount of $193,429.70, plus reasonable attorneys' fees and costs.

**DATED**: February 13, 2025                **ENTERED**:

                                                    *LaShonda A. Hunt* (signature)
                                                    LASHONDA A. HUNT
                                                    United States District Judge